STATE of Tennessee ex rel. Joe CASSI-TY, Citizen of DeKalb County, Tennessee, Petitioner-Appellee,

v.

Nolan R. TURNER et al., Respondents-Appellants.

Supreme Court of Tennessee.

July 8, 1980.

1. T.C.A. § 47–9–402.

2. T.C.A. § 13–4–302.

A. Vester Parsley, Jr., Smithville, for petitioner-appellee.

William M. Leech, Jr., Atty. Gen., Robert B. Littleton, Deputy Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, for respondents-appellants.

## OPINION

FONES, Justice.

The sole issue in this mandamus action is whether T.C.A. § 2–13–204 permits the nominee of a political party for the office of county tax assessor, who was not certified as such prior to the first Tuesday in May before the August election, to be subsequently certified as a "new nominee."

On May 3, 1980, Joe Cassity was nominated by the Republican Party of DeKalb County as the party's candidate in the August 7 general election for the office of DeKalb County Tax Assessor. The Republican Party of DeKalb County failed to certify Cassity's nomination to the DeKalb County Election Commission prior to 7:00 p. m., May 6, 1980, the deadline mandated by T.C.A. § 2–5–101 and § 2–13–203.

After being advised that Cassity's name would not appear on the ballot, the DeKalb County Republican Party Executive Committee held a special meeting on May 19, 1980, "for the purpose of nominating a new candidate for the Republican Party pursuant to T.C.A. § 2–13–204." Joe Cassity was again nominated and that nomination was certified to the DeKalb County Election Commission on May 20, 1980.

The chancellor held that Cassity was rendered ineligible within the meaning of T.C.A. § 2–13–204 by the Republican Party Chairman's failure to timely certify his nomination and issued a writ of mandamus requiring that his name be placed on the ballot for the August 7 general election.

We reverse.

■ The filing deadlines in the election statutes are mandatory. *Koella v. State ex rel. Moffett*, 218 Tenn. 629, 405 S.W.2d 184 (1966).

The applicable provision in T.C.A. § 2–13–204 reads as follows:

> 2–13–204. *Withdrawal or death of candidate—New nomination.*—(a) If a political party's candidate for any office dies or withdraws for good cause or is declared ineligible or disqualified by a court, a new nomination may be made by the former nominee's party by any method of nomination authorized by § 2–13–203.

The question is whether the facts of this case bring Cassity within the scope of a political party's candidate who "is declared ineligible or disqualified by a court."

■ T.C.A. § 2–13–204, in making provision for a new nominee in case of death, withdrawal, ineligibility or disqualification of a political party's candidate, clearly contemplates that a candidate has met the filing deadline and thereafter dies, withdraws, or is declared ineligible or disqualified for the office sought. The election statutes must be construed *in pari materia* which construction likewise mandates that a duly certified nominee has met the filing deadlines and thereafter has died, withdrawn, or suffered a personal ineligibility for the office sought. Death and withdrawal are personal to the nominee. Ineligibility and disqualification are likewise personal to the nominee by application of the doctrine *noscitur a sociis*. To hold otherwise would render the mandatory filing deadlines absolutely meaningless. It would allow political parties to ignore the filing deadlines, but thereafter certify a nominee and upon the election commission's refusal to place that person on the ballot, renominate under the guise of ineligibility, thus completely nullifying the significance of the filing deadlines.

Further, we disagree with the trial court's conclusion that Cassity has been declared ineligible by the DeKalb County

Election Commission. The failure of the Republican Party to certify a candidate prior to the May 7 deadline provided the basis for the refusal of the DeKalb County Election Commission to place any candidate of their party on the ballot. Obviously, that action did not involve the personal eligibility of Joe Cassity as a candidate for tax assessor of DeKalb County.

Thus, in the context of this factual situation, we hold that T.C.A. § 2–13–204 applies only when a political party has timely certified a candidate and thereafter the person certified is declared to be ineligible to hold the office sought.

The judgment of the Chancery Court of DeKalb County is reversed and the writ of mandamus is set aside and for nought held.

Costs are adjudged against Joe Cassity, Appellee.

BROCK, C. J., and HARBISON and BROWN, JJ., concur.

COOPER, J., not participating.